Barry L. Kramer, Bar No. 61772
kramerlaw@aol.com
Law Offices of Barry L. Kramer
12428 Promontory Road
Los Angeles, California 90049
Telephone: (310) 440-9761

Attorney for Plaintiffs
Noel Frederick and Michelle Pingol

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

Noel Frederick and Michelle Pingol, on behalf of themselves and all others similarly situated,

　　　　Plaintiffs,

vs.

FIA Card Services, N.A., and DOES 1 through 10 inclusive,

　　　　Defendants.

Case No. CV09-03419 GW (JCx)

CLASS ACTION COMPLAINT
For: (i) Failure to Give Notice of Retroactive Rate Increase (Violation of the Truth-in-lending Act, 15 U.S.C. § 1601, et seq.); (ii) Unjust Enrichment (Collection of Illegal Penalties); (iii) Violation of Consumer Protection Acts; and (iv) Breach of Contract.

DEMAND FOR JURY TRIAL

## CLASS ACTION COMPLAINT

Plaintiffs, Noel Frederick ("Frederick") and Michelle Pingol ("Pingol"), on behalf of themselves and all others similarly situated, allege as follows:

### Nature of the Case

1. This is a class action on behalf of all consumers with billing addresses in Arizona, California, Florida, Georgia, Kansas, Massachusetts, Michigan, Minnesota, Missouri, New Jersey, New Mexico, North Carolina, Ohio, Oregon, Pennsylvania, Washington, West Virginia, and/or Wisconsin, who have or had

1

credit card accounts with Defendant FIA Card Services, N.A. and/or its predecessor Bank of America, N.A. (USA) (collectively "the Bank"), and whose interest rates on their outstanding balances were retroactively increased by the Bank.

## Jurisdiction and Venue

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). There is diversity of parties, and the amount in controversy, exclusive of interest and costs, exceeds $5,000,000. Jurisdiction is also proper under 28 U.S.C. section 1331, as Plaintiffs have asserted a claim for violation of the federal Truth in Lending Act.

3. Jurisdiction is proper in this Court because the Bank has purposefully availed itself of the benefits and protections of this District and/or has had sufficient contact with this District such that maintenance of the action in this locale would be consistent with traditional notions of fair play and substantial justice.

## The Parties

4. Plaintiff, Noel Frederick, resides in the State of Washington and has or has had a Bank of America credit card account. Plaintiff Michelle Pingol resides in the Central District of the State of California and has or has had a Bank of America credit card account.

5. Defendant FIA Card Services, N.A. (formerly known as MBNA America Bank N.A. and as Bank of America N.A. (USA) prior to the merger of these two entities in 2006) is a federally chartered national banking association based in Delaware, that issues and administers Bank of America credit cards. Plaintiffs are informed and believe that Defendant (hereinafter referred to as "the Bank") is a wholly owned subsidiary of Bank of America Corporation and has administered both Plaintiffs' credit card accounts. Plaintiffs are ignorant of the names and capacities of the defendants sued herein as Does 1 through 10 who are accordingly sued by such fictitious names. On information and belief, Plaintiffs allege that each

2

CLASS ACTION COMPLAINT

of the fictitiously named defendants participated in and is responsible for the acts and wrongdoings herein alleged.

### Fact Allegations

6. This case arises out of the Bank's practice of reviewing its credit card accounts at the end of each account's billing cycle, targeting selected cardholders for interest rate increases as a result of that review, and then retroactively imposing the selective rate increases on the cardholders' outstanding balances for the billing cycle that has already passed.

7. The Bank reviews its cardholders' accounts once a month (at the end of each billing cycle) to determine whether to increase the interest rate for each account and, if so, by how much. If the Bank decides to impose a rate increase at the end of the billing cycle, and if there has been a late payment or the account balance exceeds the account's limit during the billing cycle, the Bank automatically backdates the effective date of the increase to the start of that cycle (which has already ended). Then the Bank recalculates the interest charges for that billing cycle at the new, higher rate, adding the additional "interest" charges resulting from this recalculation to the cardholder's bill. As a result of this practice, the Bank imposes a penalty charge on the Cardholder in the form of additional "interest" charges.

8. To illustrate with a hypothetical Cardholder who is carrying a $10,000 balance at an interest rate of 11.99%, and for whom the Bank decides to increase the interest rate to 26.99%, the Bank tells the Cardholder in their monthly statement at the start of the billing cycle that their interest rate is 11.99%. At the 11.99% rate, about $100 in interest will accrue on the cardholder's balance during the billing cycle. The Bank does not decide to increase the cardholder's rate to 26.99% until it conducts its monthly review at the end of the billing cycle, but the Bank applies the increase as if it occurred at the start of the billing cycle. This results in an

after-the-fact assessment of about $125 in additional "interest" on the cardholder's balance for that billing cycle, or about $225 in total "interest" charges instead of $100.

9. The Bank decides to impose these selective, retroactive rate increases based on a methodology that it does not disclose to cardholders. Moreover, the Bank imposes the increases without advance notice. As a result, cardholders who are subjected to this practice, who were led to believe that they were being charged at the rate shown on their billing statement before the billing cycle began, are subjected to a higher interest rate for that cycle than what the Bank represented.

10. The Bank's practice of retroactively increasing interest rates is immensely profitable to the Bank, but is unfair to cardholders because: (a) the rate increases are unilaterally imposed without advance notice; (b) the rate increases are based on the Bank's secret methodology so that the consumer has no way of knowing in advance what rate he or she will be charged for a billing cycle; (c) the rate increases are imposed retroactively for billing cycles that have already ended; (d) the consumer is denied the opportunity to avoid the additional charges, e.g., by paying off their balance; (e) the Bank imposes the additional "interest" charges resulting from this practice in addition to other fees, such as late charges and over-the-limit fees; (f) this practice violates the express terms of the Bank's credit card agreement, which specifically requires notice prior to the rate increases, and (g) this practice violates the disclosure requirements of the federal Truth-in-Lending Act. The Bank's scheme cheats a large number of consumers out of relatively small sums of money.

### Plaintiffs' Particular Facts

11. In the October 2007 billing statement that the Bank sent Plaintiff Frederick for his Bank of America credit card account, the Bank told Frederick that the rate at which interest was accruing on his balance was 20.24% for purchases,

4

CLASS ACTION COMPLAINT

and 20.24% for balance transfers and checks. The Bank made no mention of any impending increase in the interest rate for the next billing cycle, which began on October 21, 2007 and ended on November 19, 2007.

12. On or about November 19, 2007, i.e., at the end of the October 21st to November 19th billing cycle, the Bank conducted a monthly review of Frederick's account and decided to increase his interest rate for purchases, and for balance transfers and checks, to 32.24%.

13. The Bank did not impose the increases only on a going-forward basis. To the contrary, the Bank also made the increases retroactive to October 21, 2007, i.e., the beginning of the billing cycle that had just ended.

14. The Bank did not give Frederick advance notice that it was going to impose the increases or the amount of the increases.

15. As a result of the retroactive rate increases, the Bank added about $125 worth of "interest" charges to Frederick's account for the October 21st to November 19th billing cycle, on top of the interest charge that would have accrued on his account for that cycle at the 20.24% rate.

16. The Bank also imposed a $39 late fee on Frederick for the October 21st to November 19th billing cycle.

17. A similar situation occurred with Plaintiff Pingol in or around November, 2006, when the Bank conducted a monthly review of Pingol's account and decided to increase her interest rate for purchases and balance transfers and checks. Again, the Bank did not impose the increases only on a going-forward basis, but made the increases retroactive, and failed to give Pingol advance notice that it was going to impose the increases or of the amount of the increases. Such increases were in addition to the late fee which the Bank imposed for the cycle in which the increases occurred.

## Class Allegations

18. Plaintiffs bring this action on behalf of themselves and the following class of similarly situated people ("the class"):

All natural persons with billing addresses in Arizona, California, Florida, Georgia, Kansas, Massachusetts, Michigan, Minnesota, Missouri, New Jersey, New Mexico, North Carolina, Ohio, Oregon, Pennsylvania, Washington, West Virginia, and/or Wisconsin, who have or had credit card accounts with the Bank and whose interest rates were retroactively increased within the applicable statute of limitations.

19. The class is so numerous that joinder is impracticable. The class contains thousands of persons.

20. This case gives rise to one or more common questions of law or fact that predominate over any individual questions that might arise. The common questions that predominate include, but are not limited to:

   a) whether the Bank retroactively increased the interest rates for Plaintiffs and the class members;

   b) whether the Bank imposed the rate increases without advance notice to Plaintiffs and the class members;

   c) whether the manner in which the Bank imposed the retroactive interest rate increases on Plaintiffs and the class members denied them the opportunity to avoid the increases;

   d) whether the Bank's retroactive rate increases and the resulting additional "interest" charges imposed on Plaintiffs and the class members constitute an illegal penalty;

   e) whether the Bank's failure to give notice of the retroactive interest rate increases violates the Truth-in-Lending Act, 15 U.S.C. § 1601, et seq.;

f) whether the Bank's failure to give notice of the retroactive interest rate increases constitutes a breach of contract;

g) whether the Bank's retroactive interest rate increases and its imposition of the resultant additional "interest" charges violate 5 Del. Code § 944;

h) whether the Bank's retroactive interest rate increases and its imposition of the resultant additional "interest" charges are unfair or deceptive in violation of the consumer protection statutes of each class member's state of residence;

i) whether Plaintiffs and plaintiff class members have been damaged; and

j) whether the Bank is liable for punitive damages for its actions.

21. Plaintiffs and their counsel will adequately protect and represent the class because they have the same claims, based on the same facts, as those of the class. Moreover, Plaintiffs' counsel are experienced in class action litigation.

22. For many reasons, a class action is an appropriate method for resolving this case. First, the claims of Plaintiffs and the class can and will be established by common proof, and thus a class action provides an efficient mechanism for resolving thousands of claims in one action. Second, Plaintiffs' and the class members' losses are small compared to the cost and difficulty of prosecuting their individual claims and thus, as a practical matter, the members of the class will not obtain relief without a class action. Third, even if Plaintiffs and the class members could afford to prosecute their claims individually, and even if they each were able to find a lawyer who would do so, a class action avoids the burden that the resulting multitude of lawsuits would impose on the court system. Fourth, a class action promotes justice by avoiding the potential for contradictory or inconsistent rulings on the common issues that this case presents. In addition, Defendant has acted or refused to act on grounds generally applicable to all the members of the class,

Staff Interpretations of Regulation Z (12 C.F.R. part 226 Supp. I, Official Commentary to §226.9(c)(1)) ("a notice of change in terms is required, but it may be mailed or delivered as late as the effective date of the change . . . If there is an increased periodic rate or any other finance charge attributable to the consumer's delinquency or default. ....")

28. The Bank's conduct violated the above TILA requirements, which renders it liable to Plaintiffs and the class for actual damages, statutory damages, costs and attorneys' fees. *See* 15 U.S.C. § 1640(a).

## COUNT II

## Unjust Enrichment

### (Collection of Illegal Penalties)

29. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the preceding paragraphs of this complaint.

30. The Bank's retroactive increase of Plaintiffs' and the class members' interest rates, and the additional finance charges the Bank imposed as a result, are void and unenforceable because they constitute illegal penalties.

31. The Bank's retroactive increases of Plaintiffs' and the class members' interest rates and the additional finance charges the Bank imposed as a result are illegal penalties because:

    a) They are is not intended to compensate the Bank for damages as a result of the cardholder's failure to make a timely payment or as a result of the account being over the limit;

    b) They bear no relationship to any damages the Bank allegedly incurred as a result of the cardholder's failure to timely make their monthly payment or as a result of the account being over the limit – particularly because the conduct allegedly justifying the increase occurs after the effective date of the increase;

    c) The Bank imposes the "interest" charges in addition to other charges it imposes, e.g. late fees and over-the-limit fees, for the conduct allegedly justifying the retroactive rate increase;

    d) The additional "interest" charges resulting from the retroactive rate increase are not a pre-determined sum – instead, they depend on the

cardholder's outstanding balance, whether the Bank decides to impose the rate increase, and the amount of the increase the Bank decides to impose;

e) The retroactive rate increase and the additional "interest" charges that the Bank imposes as a result of the increase are discretionary. The Bank does not impose a retroactive rate increase on every occasion that a Cardholder is late on their monthly payment or goes over their limit, and the Bank does not increase every cardholder's rate by the same amount. The Bank only imposes retroactive rate increases in accordance with its undisclosed methodology; and

f) The retroactive rate increase violates the banking law of the Bank's home state of Delaware, 5 Del. Code § 944, because it is not made pursuant to a schedule or formula stated in the credit card agreement.

32. Because the Bank's practice of imposing retroactive rate increases and the resulting charges constitutes an illegal penalty, the Bank's collection of the charges was wrongful. Plaintiffs and the class members have a superior claim to the charges collected by the Bank as a result of its retroactive rate increases.

33. Allowing the Bank to keep the charges would be contrary to principles of justice, equity and good conscience. Accordingly, Plaintiffs and the class members are entitled to recover the charges.

34. The Bank's retroactive rate increases, and the charges resulting from them, should be declared illegal. Likewise, the Bank should be enjoined from imposing retroactive rate increases in the future because the practice causes irreparable harm insofar as the inflated account balances stemming from this practice reduce Plaintiffs' and the class members' available credit, and because there is no adequate remedy at law for the harm resulting from the increases.

/ / /

/ / /

/ / /

CLASS ACTION COMPLAINT

## COUNT III

### Violation of Consumer Protection Acts

35. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the preceding and subsequent paragraphs of this complaint.

36. The Bank's actions, as set forth above, are immoral, unethical, oppressive, unscrupulous and substantially injurious to consumers, and constitute unfair and deceptive business practices under substantially similar Consumer Fraud Acts of several states,[1] all of which were enacted and designed to protect customers against unfair, deceptive and/or fraudulent business practices. These Consumer Protection Acts are modeled after the FTC's consumer protections provisions and are collectively referred to here as "Consumer Acts."

37. At all relevant times, Plaintiffs, class members, and the Bank were "persons" within the meaning of the Consumer Acts.

38. The Bank's imposition of retroactive rate increases on Plaintiffs and the class members, and its collection of the additional charges as a result of this practice, is unfair because it violates public policy. It violates public policy because the retroactive rate increases and the resulting charges are illegal penalties under the law, among other reasons.

39. The unfairness of the Bank's imposition of retroactive rate increases on

---

[1] *See e.g.*, Arizona Consumer Fraud Act, A.R.S. §§ 44-1522 *et seq.*; Cal. Bus. & Prof. Code §§ 17200, *et seq.*; Cal. Civil Code §§ 1750, *et seq.*; Fla. Stat. Ann. §§ 501.201, *et seq.*; Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. §§ 10-1-370, *et seq.*; Georgia Fair Business Practices Act - O.C.G.A. §§ 10-1-390, *et seq.*; Kansas Consumer Protection Act, K.S.A. §§ 50-623, *et seq.*; M.G.L.A. Ch. 93A, §§ 1, *et seq.*; Mich. Comp. Laws §§ 445.901, *et seq.*; Minn. Stat. Ann. §§ 325F.68, *et seq.*; Mo. Rev. Stat. §§ 407.010, *et seq.*; N.J.S.A. §§ 56.8-1, *et seq.*; New Mexico Unfair Practices Act, N.M.S.A. §§ 57-12-1, *et seq.*; N.C. Gen. Stat. §§ 75-1, *et seq.*; Oh. Stat. R.C. §§ 1345.01, *et seq.*; Oregon Unlawful Trade Practices Act, Ore. Rev. Stat. §§ 646.608, *et seq.*; 73 Pa. Stat. §§ 201-1, *et seq.*; Wash. Rev. Code §§ 19.86.010, *et seq.*; W. Va. Code §§ 46A-6-101, *et seq.*; Wis. Stat. §§ 100.18, *et seq.*

Plaintiffs and the class members is compounded by the fact that the Cardholder has no advance notice of the additional charges imposed by the retroactive rate increase. The Cardholder cannot know in advance whether he or she will incur a rate increase because that is the nature of a retroactive rate increase – it imposes additional "interest" on money loaned for a time period that has already passed. Moreover, the Cardholder has no notice of whether the Bank will impose the retroactive rate increase, or how much it will be, because the Bank does not always impose a rate increase – the Bank only does so when the undisclosed methodology that it follows tells it to do so.

40. The Bank's practice of imposing retroactive rate increases also is deceptive. Each month the Bank sent Plaintiffs and the class members a billing statement that reflected the applicable interest rate for the billing cycle just ended and the upcoming cycle, but the representation was false for Plaintiffs and the class members because the actual rate of interest for the upcoming cycle turned out to be higher due to the Bank's retroactive increase of the interest rate on their accounts. The Bank intended that Plaintiffs and the class members would rely on its acts and omissions.

41. As a result of the Bank's actions, Plaintiffs and the class members incurred additional charges they should not have had to pay. The Bank's actions render it liable to Plaintiffs and the class members for actual damages, punitive damages, equitable relief (including an injunction to stop the practice at issue), costs, attorneys' fees and any other relief deemed just.

## COUNT IV
### Breach of Contract

42. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the preceding paragraphs of this complaint.

43. Plaintiffs' Cardholder agreements with the Bank expressly incorporate

12

CLASS ACTION COMPLAINT

federal notice requirements with respect to the rate increases it imposed on Plaintiffs and plaintiff class members.

44. Federal law, specifically Regulation Z, 12 C.F.R., part 226.9(c)(1), requires the Bank to provide advance notice to a customer when it increases the customer's interest rate. Under this federal law, the Bank is obligated to disclose an increase in a periodic rate or other finance charge *before the effective date of the change.*

45. Additionally, Plaintiffs are informed and believes and thereon allege that certain of the Bank's Cardholder agreements contained an express promise to give notice of a rate increase before the effective date of the increase. This express promise was in addition to the Cardholder agreements' incorporation of federal notice requirements.

46. In breach of its duty to comply with the express and implied contractual obligations contained within its Cardholder agreements, the Bank failed to provide Plaintiff or plaintiff class members with notice of their rate increases *before the effective date of the change.*

47. As a result, Plaintiffs and plaintiff class members have suffered damages in an amount according to proof at trial.

**Prayer for Relief**

Plaintiffs pray that the Court:

a. Certify the class as to Counts I-IV, appoint Plaintiffs as the representatives of the class, and appoint their attorneys as counsel for the class.

b. Enter judgment in favor of Plaintiffs and the class, and against the Bank, for restitution, actual damages, statutory damages, punitive damages, interest, declaratory relief, injunctive relief, attorneys' fees, costs and all other relief deemed just.

Dated: May 11, 2009

*[signature: Barry Kramer]*
Barry L. Kramer
Attorney for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

Dated: May 11, 2009

*[signature: Barry Kramer]*
Barry L. Kramer
Attorney for Plaintiffs

Barry L. Kramer
*kramerlaw@aol.com*
Law Offices of Barry L. Kramer
12428 Promontory Road
Los Angeles, California 90049-6817
Tel: (310) 440-9761

CLASS ACTION COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George H. Wu and the assigned discovery Magistrate Judge is Jacqueline Chooljian.

The case number on all documents filed with the Court should read as follows:

**CV09- 3419 GW (JCx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Noel Frederick and Michelle Pingol, on behalf of themselves and all others similarly situated<br>PLAINTIFF(S)<br>v.<br>FIA Card Services, N.A., and DOES 1 through 10 inclusive<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV09-03419 GW (JCx)**<br><br>**SUMMONS** |

TO: DEFENDANT(S): <u>FIA Card Services, N.A. et al.</u>

    A lawsuit has been filed against you.

    Within <u> 20 </u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Barry L. Kramer</u>, whose address is <u>12428 Promontory Road, Los Angeles, California 90049</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: <u>MAY 1 4 2009</u>      By: **LA'REE HORN**
                                                Deputy Clerk
                                                (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Frederick, Noel, a resident of Snohomish County, Washington
Pingol, Michelle, a resident of Los Angeles County, California

**DEFENDANTS**
FIA Card Services, N.A.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Barry L. Kramer, Law Offices of Barry L Kramer, 12428 Promontory Road,
Los Angeles CA 90049
310-440-9761

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☑ Yes ☐ No
☑ **MONEY DEMANDED IN COMPLAINT:** $ over $5,000,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. 1601 et seq. (Truth in Lending violations)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☑ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | | **CIVIL RIGHTS** | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Accommodations | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | **IMMIGRATION** | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: **CV09-03419**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)     CIVIL COVER SHEET     Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County (Michelle Pingol) | Washington State (Noel Frederick) |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County (28 USC 1391(c)) | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): *Barry Kramer* Date *May 11, 2009*

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |