FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

**OCT** 1 8 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11   NOEL FREDERICK, MICHELLE          )   **Case No. CV09-03419 AG (RNBx)**
     PINGOL, and KEN ADLER, on behalf  )
12   of themselves and all others similarly )   ~~**[PROPOSED]**~~ **ORDER**
     situated,                         )   **PRELIMINARILY APPROVING**
13                                      )   **CLASS ACTION SETTLEMENT**
                                        )   **AND CONDITIONALLY**
14                Plaintiff,           )   **CERTIFYING SETTLEMENT**
                                        )   **CLASS AND APPOINTING CLASS**
15        v.                           )   **COUNSEL**
                                        )
16   FIA CARD SERVICES, N.A., and      )
     DOES 1 through 10 inclusive,      )
17   inclusive,                        )
                                        )
18                Defendant.           )
                                        )
19   _____)

20

21

22

23

24

25

26

27

28

1     The parties to this action, plaintiffs Noel Frederick, Michelle Pingol, and Ken

2    Adler, together with Mary Jane Augustine, the plaintiff-appellant in the appellate

3    proceeding entitled <u>Augustine v. FIA Card Services, N.A.</u>, Ninth Circuit Court of

4    Appeals, Case No. 07- 16751 (collectively, "Plaintiffs"), on the one hand, and

5    defendant FIA Card Services, N.A. (successor by merger and/or change of name to

6    MBNA America Bank, N.A. and Bank of America, N.A. (USA)) ("FIA"), on the

7    other hand, have agreed, subject to final Court approval following notice to the

8    proposed Settlement Class (as described in Paragraph 5 below) and a further hearing,

9    to settle this action upon the terms and conditions set forth in the Settlement

10   Agreement lodged with this Court; and

11    For purposes of this Order, capitalized terms shall have the meaning ascribed

12   to them in the Settlement Agreement;

13    NOW, THEREFORE, based upon this Court's review of the Settlement

14   Agreement (and exhibits) and all of the files, records, and proceedings herein, and it

15   appearing to the Court, upon preliminary examination, that the Settlement Agreement

16   and Settlement appear to be within the range of possible final approval, and that a

17   final hearing should and will be held after notice to the Settlement Class (as described

18   in Paragraph 5 below) to confirm that the Settlement Agreement and Settlement are

19   fair, reasonable and adequate and to determine whether the Settlement should be

20   approved and final Judgment entered in this action based upon the Settlement

21   Agreement; and good cause appearing therefor,

22    IT IS HEREBY ORDERED THAT:

23    **1.**    **Preliminary Approval of Proposed Settlement.**  The Settlement

24   Agreement, including all exhibits thereto, is preliminarily approved as within the

25   range of possible approval. The Court finds that: (a) the Settlement Agreement

26   resulted from extensive arm's length negotiations; and (b) the Settlement Agreement

27   is sufficient to warrant notice thereof to Settlement Class Members and a full hearing

28   on the approval of the Settlement.

2.    **Class Certification for Settlement Purposes.**  Pursuant to Federal Rule of Civil Procedure 23(c), the Court conditionally certifies, for settlement purposes only, the following Settlement Class:

> All persons who, between July 27, 2002 and the date of this Order, had a credit card account with FIA Card Services, N.A. or its predecessors Bank of America, N.A. (USA) and MBNA America Bank, N.A., and who, after a default or delinquency, were assessed and paid a higher rate of interest on their credit card account, which higher rate of interest was calculated as of the beginning of the billing cycle in which the default or delinquency occurred.

The definition of the proposed class in paragraph 24 of the Second Amended Complaint in this action is hereby amended to conform to the Settlement Class defined above.

This Court finds and concludes, pursuant to Rule 23 of the Federal Rules of Civil Procedure and for settlement purposes only, that:

(a)    The members of the Settlement Class appear to be so numerous that joinder of all members is impracticable;

(b)    There appear to be questions of law or fact common to the Settlement Class;

(c)    The claims of Plaintiffs appear to be typical of the claims of Settlement Class Members being resolved through the proposed Settlement;

(d)    Plaintiffs appear to be members of the Settlement Class and to have suffered the same injury alleged by or on behalf of the Settlement Class;

(e)    Plaintiffs appear to be capable of fairly and adequately protecting the interests of the Settlement Class Members in connection with the proposed Settlement;

(f)     Common questions of law and fact appear to predominate over questions affecting only individual Settlement Class Members and, therefore, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation;

(g)     For purposes of settlement, certification of the Settlement Class appears to be superior to other available methods for the fair and efficient settlement of the claims of the Settlement Class Members.

Plaintiffs are designated as class representatives for the Settlement Class.

3.      **Class Counsel.**  The Court appoints Barry L. Kramer, Law Offices of Barry L. Kramer, as counsel for the Settlement Class.  The Court finds that counsel is competent and capable of exercising all responsibilities as Class Counsel.

4.      **Final Approval Hearing.**  A final approval hearing (the "Final Approval Hearing") shall be held before the Honorable Andrew J. Guilford, Courtroom 10D, Ronald Reagan Federal Building and U.S. Courthouse, 411 West Fourth Street, Santa Ana, California 92701-4516, on June 6, 2011 [DATE OF FINAL APPROVAL HEARING], at 10:00 a.m. [TIME], which date and time shall be set forth in the notice to the Settlement Class (described in Paragraph 5 below), to determine whether the Settlement Agreement is fair, reasonable and adequate and should be approved.  Papers in support of final approval of the Settlement Agreement, the Incentive Award to Plaintiffs and Class Counsel's application for Attorneys' Fees and Costs (the "Fee Application") shall be filed with the Court according to the schedule set forth in Paragraph 12 below.  The Final Approval Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement Class.  After the Final Approval Hearing, the Court may enter a Final Judgment and Order of Dismissal with Prejudice in accordance with the Settlement Agreement that will adjudicate the rights of the Settlement Class Members with respect to the claims being settled.

5.     **Class Notice.** Class Notice shall be provided by FIA and/or by the Settlement Administrator acting on its behalf, within one hundred twenty (120) days after the beginning of the calendar month following entry of this Order.

(a)     **Mailed Notice.** FIA shall mail, or cause to be mailed, the Mailed Notice (substantially in the form of Exhibit C to the Settlement Agreement, with dates and deadlines filled in to conform with those established by this Order) to those reasonably identifiable Settlement Class Members who, as of the end of the calendar month in which this Order is entered by the Court, are current customers of FIA and receive their periodic account statements from FIA by mail or who, as of that time, are former customers of FIA whose accounts with FIA have been closed for eighteen months or less and for whom FIA has a reasonably accessible mailing address. At FIA's sole discretion, the Mailed Notice may be through a statement message included on the statement, a billing insert accompanying the statement, a solo mailing or a combination thereof. The Mailed Notice shall include the address of the Settlement Website from which a Settlement Class Member may obtain a printable version of the Claim Form. The Mailed Notice shall be mailed to the then-current address for the foregoing Settlement Class Members reflected in FIA's computerized account records. No skip tracing or re-mailing of returned mail will be required.

(b)     **Electronic Notice.** FIA shall send the Electronic Notice (substantially in the form of Exhibit D to the Settlement Agreement, with dates and deadlines filled in to conform with those established by this Order) to those reasonably identifiable Settlement Class Members who, as of the end of the calendar month in which this Order is entered by the Court, are current customers of FIA and receive their periodic account statements from FIA electronically on-line. The Electronic Notice will be available through a designated link on the same webpage from which such customers may click to review their monthly account statements. In the same email in which the customers are notified by FIA that their recent account statement is available to view online, they will also be notified that the statement is

-4-

1   accompanied by a legal notice.  The Electronic Notice shall include the address of the

2   Settlement Website from which a Settlement Class Member may obtain a printable

3   version of the Claim Form.  The Electronic Notice shall be sent to the foregoing

4   Settlement Class Members at their last known email address as shown on FIA's

5   computerized records with respect to their accounts.

6           (c)   **Publication Notice.**  FIA or the Settlement Administrator shall

7   publish a summary notice of the Settlement one time in a national edition of USA

8   Today (substantially in the form of Exhibit E to the Settlement Agreement, with dates

9   and deadlines filled in to conform with those established by this Order).  The

10  Publication Notice shall direct Settlement Class Members to the location of the

11  Internet Notice and Claim Form.

12          (d)   **Internet Notice.**  FIA or the Settlement Administrator shall

13  establish a Settlement Website (which shall be distinct from and not linked to any

14  websites belonging to FIA) which will publish, and make available, a full-length,

15  downloadable form of the Settlement Agreement, Internet Notice and Claim Form.

16  The domain name of the Settlement Website shall be selected by the Settlement

17  Administrator in consultation with FIA.  The Settlement Website will be established

18  within one hundred twenty (120) days after the beginning of the calendar month

19  following the Court's entry of this Preliminary Approval Order and before the Mailed

20  Notice is mailed, the Electronic Notice is sent, or the Publication Notice is published,

21  and the Settlement Website shall remain active at least until the date of the Final

22  Approval Hearing or through the end of the Claim Period, whichever is later.  The

23  Internet Notice shall be substantially in the form of Exhibit B to the Settlement

24  Agreement, with dates and deadlines filled in to conform with those established by

25  the Order.

26      6.   **Findings Concerning Class Notice.**  The Court finds that the foregoing

27  program of class notice and the manner of its dissemination is the best practicable

28  notice under the circumstances and is reasonably calculated, under all the

circumstances, to apprise Settlement Class Members of the pendency of this action and their right to object to or exclude themselves from the Settlement Class. The Court further finds that the class notice program is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of due process and Federal Rule of Civil Procedure 23.

7. **Approval of Distribution and Claims Process.** The Claim Form and the Settlement distribution process described in the Settlement Agreement are hereby approved.

8. **Settlement Administrator.** The Court hereby appoints Rust Consulting, Inc. as the Settlement Administrator in accordance with the terms of the Settlement Agreement.

9. **Exclusion from Settlement Class.** Any Settlement Class Member who does not wish to participate in the Settlement Class may exclude himself or herself from the Settlement by filing a timely written request for exclusion. To be valid, all requests by Settlement Class Members to be excluded from the Settlement Class must be in a writing mailed to the Settlement Administrator at the post office box address shown on the class notice and postmarked no later than May 2, 2011. In addition, a Settlement Class Member's written request for exclusion from the Settlement must: (i) be signed by all account holders (including joint cardholders and co-applicants); (ii) include the full name, current mailing address and email address (if any) of the person(s) requesting exclusion; (iii) list the account number(s) of the Settlement Class Member's FIA Card Services, N.A., Bank of America, N.A. (USA), or MBNA America Bank, N.A. credit card account(s) on which, after a default or delinquency, they were assessed and paid a higher rate of interest on their credit card account, which higher rate of interest was calculated as of the beginning of the billing cycle in which the default occurred; and (iv) include the following statement: "I/we request to be excluded from the class settlement in <u>Frederick v. FIA</u>, C.D. Cal. Case No. CV 09-3419-AG." Requests for exclusion that do not include all of the required information

specified above and/or that are not mailed to the Settlement Administrator pursuant to the instructions set forth in the Internet Notice will not be honored.   For any person in the Settlement Class who has more than one FIA Card Services, N.A., Bank of America, N.A. (USA), or MBNA America Bank, N.A. credit card account, the exclusion request must specify each separate credit card account number.  The Settlement Administrator will retain a copy of all requests for exclusion and will, upon written request, provide a copy of any such requests to Class Counsel and to FIA's counsel, with the account number(s) redacted on any such requests provided to Class Counsel.  Any requests for exclusion that may be filed with the Court shall be redacted to delete the requesting Settlement Class Member's account number(s) and street (but not city) address.  All Settlement Class Members who do not exclude themselves from the Settlement Class in accordance with the terms of the Settlement and this Order shall be bound by all determinations and judgments in this Action concerning the Settlement, including, but not limited to, the releases provided for in the Settlement. All Settlement Class Members who do make a timely request for exclusion in accordance with the terms of the Settlement and this Order shall receive no payment or credit under the Settlement and shall not be bound by the Settlement or by the Judgment in this Action.

      **10.**    **Objections and Appearances.**

          (a)    **Written Objections.**  Any member of the Settlement Class who has not timely submitted a written request for exclusion from the Settlement Class may object to the fairness, reasonableness or adequacy of the Settlement and/or to the requested Attorneys' Fees and Costs or the Incentive Payments.  Settlement Class Members may object either on their own or through counsel hired at their own expense.  Any Settlement Class Member who wishes to object to the Settlement or to the application for Attorneys' Fees and Costs or the Incentive Payments must, on or before May 2, 2011 [OBJECTION DEADLINE], file a written objection with the Court and concurrently mail copies of the objection to: (i) Class Counsel -- Barry L.

1   Kramer, Law Offices of Barry L. Kramer, 12428 Promontory Road, Los Angeles,

2   California 90049; and (ii) counsel for FIA -- Laurence Hutt, Arnold & Porter LLP,

3   44th Floor, 777 South Figueroa Street, Los Angeles, CA 90017-5844.  The objection

4   must set forth (i) the name of this Action; (ii) the Settlement Class Member's full

5   name, address, and telephone number; (iii) the specific reasons for the objection; and

6   (iv) the name, case number, and court of all cases in which the Settlement Class

7   Member or any counsel acting for or on the Settlement Class Member's behalf has

8   filed an objection to a class action settlement within the five years prior to the date of

9   entry of this Preliminary Approval Order.  If the objecting Settlement Class Member

10  intends to appear at the Final Approval Hearing to argue his or her objections, the

11  written objection filed with the Court and mailed to counsel shall so state.  All

12  objections must be filed with the Court and mailed to Class Counsel and FIA's

13  counsel not later than **May 2, 2011** [OBJECTION DEADLINE].  Any Settlement

14  Class Member who does not make his or her objection(s) in the manner provided for

15  in this Order or who does not include all required information in the objection(s) shall

16  be deemed to have waived such objection(s) and shall forever be foreclosed from

17  making any objection(s) to the fairness, reasonableness or adequacy of the proposed

18  Settlement and the judgment approving the Settlement, including any objection(s) to

19  the distribution under the Settlement, the releases in the Settlement, any  Attorneys'

20  Fees and Costs, and any Incentive Payments.

21          (b)    **Appearance at Final Approval Hearing.**  Any Settlement Class

22  Member who has not timely submitted a written request for exclusion from the

23  Settlement Class, and who timely files and serves a written objection to the

24  Settlement, may also appear at the Final Approval Hearing, either in person or

25  through counsel hired at the Settlement Class Member's own expense, to object to the

26  fairness, reasonableness or adequacy of the Settlement or any award of Attorneys'

27  Fees and Costs or Incentive Payments.  Settlement Class Members or their counsel

28  intending to appear at the Final Approval Hearing must timely file with the Court and

serve on Class Counsel and FIA's counsel at the addresses listed above, their written

objections as set forth above, including a statement of intention to appear at the Final

Approval Hearing to argue their objections, as set forth in the preceding subparagraph

of this Order.

11.  **Submission of Claim Forms.**  Any Settlement Class Member who is

required under the terms of the Settlement to submit a Claim Form in order to receive

a distribution under the Settlement shall complete the Claim Form and shall send the

completed Claim Form to the Settlement Administrator, by first class mail, at the

address stated on the Claim Form, postmarked no later than 28 days prior to the Final

Approval Hearing.  The Claim Form shall be substantially in the form of Exhibit G to

the Settlement Agreement, with dates and deadlines filled in to conform with those

established by this Order.

12.  **Further Papers in Support of Settlement and Application for
Attorneys' Fees and Costs.**  Class Counsel shall file its motion seeking Final

Approval of the Settlement and its Application for Attorneys' Fees and Costs and

Incentive Payments no later than 145 days after the beginning of the calendar month

following entry of the Preliminary Approval Order.  Any responses to objections to

the Settlement Agreement and any further papers in support of the Settlement and

Class Counsel's Application for Attorneys' Fees and Costs and Incentive Payments

shall be served and filed with the Court no later than 14 calendar days prior to the

date of the Final Approval Hearing.

13.  **Effect of Failure to Approve the Settlement Agreement.**  In the event

the Settlement Agreement is not approved by the Court, or for any reason the parties

fail to obtain a Final Judgment and Order of Dismissal as contemplated in the

Settlement Agreement, or the Settlement Agreement is terminated pursuant to its

terms for any reason, then the following shall apply:

(a)  All orders and findings entered in connection with the Settlement

Agreement shall become null and void and have no further force and effect, shall not

1   be used or referred to for any purposes whatsoever, and shall not be admissible or

2   discoverable in any other proceeding;

3         (b)     The conditional certification of the Settlement Class pursuant to

4   this Order shall be vacated automatically and void; no doctrine of waiver, estoppel or

5   preclusion shall be asserted in any litigated certification proceedings in the Frederick

6   Action or the Augustine Appeal; and the Settlement Agreement and its existence shall

7   be inadmissible to establish any fact relevant to class certification or any alleged

8   liability of FIA for any of the matters alleged in the Frederick Action or the

9   Augustine Appeal (or underlying Augustine case) or for any other purpose;

10         (c)     The amendment to the definition of the proposed class in

11   paragraph 24 of the Second Amended Complaint shall become null and void and

12   have no further force and effect (and the Second Amended Complaint shall read and

13   be treated as it was prior to entry of this Order);

14         (d)     Nothing contained in this Order is, or may be construed as, any

15   admission or concession by or against FIA or Plaintiffs on any point of fact or law; and

16         (e)     Neither the Settlement terms nor any publicly disseminated

17   information regarding the Settlement, including, without limitation, the class notices,

18   court filings, orders and public statements, may be used as evidence for any purpose

19   whatsoever. In addition, neither the fact of, nor any documents relating to, FIA's

20   withdrawal from the Settlement, any failure of the Court (or on appeal) to approve the

21   Settlement and/or any objections or interventions may be used as evidence for any

22   purpose whatsoever.

23       **14.**    **Stay of Proceedings.** All proceedings in this action are stayed until

24   final approval or termination of the Settlement or until further order of the Court,

25   except as may be necessary to implement the terms of the Settlement. Pending final

26   determination of whether the Settlement should be approved, neither Plaintiffs nor

27   any Settlement Class Member, either directly, representatively or in any other

28   capacity, shall commence or prosecute against any of the Released Parties any action,

1   arbitration or proceeding in any court, arbitration forum or tribunal asserting any of

2   the Released Claims, provided that this stay shall not apply to individual claims of

3   any Settlement Class Member who has timely submitted a written request for

4   exclusion from the Settlement Class in accordance with the provisions and

5   requirements of the Settlement and this Order.  The Court determines that this stay is

6   necessary to protect and effectuate the Settlement, this Preliminary Approval Order,

7   and the Court's jurisdiction and authority to consider and approve the Settlement and

8   to enter the Final Judgment and Order of Dismissal with Prejudice, when and as this

9   Court considers appropriate.

10       15.    The Court reserves the right to adjourn or to continue the date for the

11   Final Approval Hearing without further notice to the Settlement Class and retains

12   jurisdiction to consider all further applications arising out of or connected with the

13   Settlement.  The Court may approve the Settlement with such modifications as may

14   be agreed to by the Parties, if appropriate, without further notice to the Settlement

15   Class and may reject the Settlement without further notice to the Settlement Class.

16

17   **IT IS SO ORDERED.**

18

19   Dated: OCT 18, 2010

20                                The Honorable Andrew J. Guilford
                                 United States District Judge

21

22

23

24

25

26

27

28

- 11 -