1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NOEL FREDERICK, MICHELLE PINGOL, and KEN ADLER, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    vs.<br><br>FIA CARD SERVICES, N.A., and DOES 1 through 10 inclusive, inclusive,<br><br>    Defendants. | **Case No. CV 09-03419 AG (RNBx)**<br><br>**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |

THIS MATTER came before the Court for final approval of the proposed class settlement.  The Court has considered all papers filed and proceedings in this matter and held a hearing on June 6, 2011, at which time the parties and all other interested persons were afforded the opportunity to be heard in support of and in opposition to the proposed Settlement.  Due and adequate notice having been given to the Settlement Class as required by the Court's October 18, 2010, Preliminary Approval Order, and based on the papers filed with the Court and presentations made to the Court at the final approval hearing, and good cause appearing therefor, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1.      The definitions and provisions of the Settlement Agreement are hereby incorporated as though fully set forth herein.  For purposes of this Order, capitalized terms shall have the meaning ascribed to them in the Settlement Agreement.

2.      This Court has jurisdiction over the subject matter of the Settlement Agreement, and personal jurisdiction over all parties to the Settlement Agreement, including all members of the Settlement Class.

3.      Pursuant to Federal Rule of Civil Procedure 23(e), the Court hereby approves the Settlement, including, without limitation, the plan of distribution of the settlement relief and the proposed recipients of the Cy Pres Fund, and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class Members, within the authority of the parties and the result of extensive arm's length negotiations.

4.      Pursuant to Federal Rule of Civil Procedure 23(c), the Court certifies, for purposes of effectuating the Settlement, the following Settlement Class:

> All persons who, between July 27, 2002 and October 18, 2010, had a credit card account with FIA Card Services, N.A. or its predecessors Bank of America, N.A. (USA) and MBNA America Bank, N.A., and who, after a default or delinquency,

FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

1   were assessed and paid a higher rate of interest on their credit

2   card account, which higher rate of interest was calculated as of

3   the beginning of the billing cycle in which the default or

4   delinquency occurred.

5   The definition of the proposed class in paragraph 24 of the Second Amended

6   Complaint in this Action was previously amended by the Preliminary Approval

7   Order to conform to the Settlement Class defined above.  The Court finds and

8   concludes that: (a) the Settlement Class is so numerous that joinder of all

9   Settlement Class Members in the Action is impracticable; (b) questions of law and

10  fact common to the Settlement Class predominate over questions affecting only

11  individual Settlement Class Members; (c) the claims of Plaintiffs are typical of the

12  claims of the Settlement Class; (d) Plaintiffs and Class Counsel have fairly and

13  adequately represented and protected the interests of the Settlement Class; and (e) a

14  class action is superior to other available methods for a fair and efficient

15  adjudication of the controversy.

16       5.      This Final Judgment and Order of Dismissal with Prejudice does not

17  constitute an expression by the Court of any opinion, position or determination as

18  to the merit or lack of merit of any of the claims or defenses of plaintiffs Noel

19  Frederick, Michelle Pingol, and Ken Adler in this Action or Plaintiff-Appellant

20  Mary Jane Augustine (in Ninth Circuit Case No. 07-16751) (collectively,

21  "Plaintiffs"), the Settlement Class Members, or defendant FIA Card Services, N.A.

22  (successor by merger and/or change of name to MBNA America Bank, N.A. and

23  Bank of America, N.A. (USA)) ("FIA").  Neither this Final Judgment and Order of

24  Dismissal with Prejudice nor the Settlement Agreement is an admission or

25  indication by FIA of the validity of any claims in this action or of any liability or

26  wrongdoing or of any violation of law.  This Final Judgment and Order of

27  Dismissal with Prejudice and the Settlement Agreement do not constitute a

28  concession and shall not be used as an admission or indication of any wrongdoing,

- 3 -

FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

1   fault or omission by FIA or any other person in connection with any transaction,

2   event or occurrence, and neither this Final Judgment and Order of Dismissal with

3   Prejudice nor the Settlement Agreement nor any related documents in this

4   proceeding, nor any reports or accounts thereof, shall be offered or received in

5   evidence in any civil, criminal or administrative action or proceeding, other than

6   such proceedings as may be necessary to consummate or enforce this Final

7   Judgment and Order of Dismissal with Prejudice, the Settlement Agreement and all

8   releases given thereunder, or to establish any affirmative defenses based upon this

9   Final Judgment and Order of Dismissal with Prejudice or the Settlement

10  Agreement and releases, including, without limitation, affirmative defenses of res

11  judicata or collateral estoppel.

12        6.      This Court hereby dismisses this action with prejudice as to Plaintiffs

13  and all Settlement Class Members except those who have timely and properly

14  excluded themselves from the Settlement Class.  Exhibit A, attached hereto, sets

15  forth the names of those individuals who have timely and properly excluded

16  themselves from the Settlement Class.  The Parties will bear their own fees and

17  costs, except as otherwise expressly provided in the Settlement Agreement.

18        7.      (a)      Upon the date that this Final Judgment and Order of Dismissal

19  with Prejudice becomes Final, Plaintiffs, for themselves and on behalf of their

20  heirs, executors, administrators, representatives, agents, attorneys, insurers,

21  partners, successors, predecessors in interest, assigns and any authorized users of

22  their accounts will fully release and forever discharge FIA (including, without

23  limitation, Bank of America, N.A. (USA) and MBNA America Bank, N.A.) and

24  each and all of its present, former and future direct and indirect parent companies,

25  affiliates, subsidiaries, agents, successors, predecessors in interest, and/or any

26  financial institutions, corporations, trusts, or other entities that may hold or have

27  held any interest in any account or any receivables relating to any account, or any

28  receivables or group of receivables, or any interest in the operation or ownership of

- 4 -

FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

FIA, and all of the aforementioneds' respective officers, directors, employees, attorneys, shareholders, agents, vendors (including, without limitation, processing facilities), attorneys, insurers and assigns, from any and all rights, duties, debts, obligations, claims, actions, causes of action, remedies or liabilities, whether arising under local, state or federal law (including, without limitation, under any state consumer-protection and/or unfair and deceptive practices acts, the Truth in Lending Act, 15 U.S.C. § 1601 et seq., and Regulation Z, 12 C.F.R. pt. 226), whether by Constitution, statute, contract, common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, that they have or may have as of the date of entry of the Final Judgment in this Action, including, without limitation, any claims relating to, resulting from, arising out of, or based upon the handling or maintenance of any FIA credit card account; any interest, finance charges or fees assessed on or in connection with any FIA credit card account; or any action, conduct or omission with respect to any FIA credit card account.

(b)     Upon the date that this Final Judgment and Order of Dismissal with Prejudice becomes Final, each and all Settlement Class Members, for themselves and their respective heirs, executors, administrators, representatives, agents, attorneys, insurers, partners, successors, predecessors in interest, assigns and any authorized users of their accounts, will be deemed to have fully released and forever discharged FIA (including, without limitation, Bank of America, N.A. (USA) and MBNA America Bank, N.A.) and each and all of its present, former and future direct and indirect parent companies, affiliates, subsidiaries, agents, successors, predecessors in interest, and/or any financial institutions, corporations, trusts, or other entities that may hold or have held any interest in any account or any receivables relating to any account, or any receivables or group of receivables, or any interest in the operation or ownership of FIA, and all of the aforementioneds' respective officers, directors, employees, attorneys, shareholders,

FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

agents, vendors (including, without limitation, processing facilities), attorneys, insurers and assigns, from any and all rights, duties, debts, obligations, claims, actions, causes of action, remedies or liabilities, whether arising under local, state or federal law (including without limitation under any state consumer-protection and/or unfair and deceptive practices acts, the Truth in Lending Act, 15 U.S.C. § 1601 et seq., and Regulation Z, 12 C.F.R. pt. 226), whether by Constitution, statute, contract, common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, that they have or may have, as of the date of entry of the Final Judgment in this Action: (1) that arise out of or relate in any way to any or all of the acts, omissions, facts, business practices, matters, transactions or occurrences that were or could have been directly or indirectly alleged, asserted, described, set forth or referred to in this Action (or in the above-referenced appeal of Mary Jane Augustine) and are related to the allegations therein; or (2) that arise out of or relate in any way to the calculation, assessment, amount, notice or disclosure of increased interest rates or finance charges imposed following a default or delinquency (including, without limitation, the effective date of such increased interest rates or finance charges) on or in connection with any FIA credit card account; or (3) that arise out of or relate in any way to the administration of the Settlement.

(c)     Without in any way limiting the foregoing, the Released Claims specifically extend to and include claims that Plaintiffs and the Settlement Class Members do not know or suspect to exist in their favor at the time this Final Judgment and Order of Dismissal with Prejudice becomes Final.  The Court finds that Plaintiffs have, and the Settlement Class Members are deemed to have, knowingly released and waived California Civil Code section 1542 and any and all similar laws of other states.

8.     In aid to this Court's jurisdiction to implement and enforce the

- 6 -

Settlement, Plaintiffs and all Settlement Class Members and all persons purporting to act on behalf of Settlement Class Members are enjoined from (whether directly, on a representative basis, or in any other capacity) asserting, commencing, prosecuting or continuing any of the Released Claims against FIA or any of the other Released Parties in any action, arbitration or proceeding in any court, arbitral forum or tribunal.

9.     The Court finds that the program of Class Notice set forth in the Settlement Agreement and preliminarily approved by the Court was the best practicable notice under the circumstances.  The Class Notice provided due and adequate notice of these proceedings and of the matters set forth therein, including the Settlement Agreement, to all parties entitled to such notice and satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of constitutional due process.  The Court further finds that Class Notice has been given timely and in the manner prescribed in the Preliminary Approval Order and the Settlement Agreement.

10.    Without affecting the finality of this Final Judgment and Order of Dismissal with Prejudice in any way, the Court retains continuing jurisdiction over: (a) implementation of the Settlement Agreement and distribution of the Settlement payments contemplated by the Settlement Agreement, until all acts agreed to be performed pursuant to the Settlement Agreement have been performed; and (b) all parties to this action and members of the Settlement Class for the purpose of enforcing and administering the Settlement.

11.    In accordance with California Code of Civil Procedure Section 384(b), the Parties shall notify the Court, within 230 days of the Effective Date, of the total amount distributed to Settlement Class Members and the total of the unpaid residue of the Settlement Amount, if any, that shall constitute the Cy Pres Fund.

12.    Neither this Final Judgment and Order of Dismissal with Prejudice

FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

1   nor the Settlement Agreement constitutes an admission or concession by FIA of

2   any fault, omission, liability or wrongdoing.  This Final Judgment and Order of

3   Dismissal with Prejudice is not a finding of the validity or invalidity of any claims

4   in this action or a determination of any wrongdoing by the defendant.  The final

5   approval of the Settlement Agreement does not constitute any opinion, position or

6   determination of this Court, one way or the other, as to the merits of the claims and

7   defenses of Plaintiffs, FIA or the Settlement Class members.

8       13.     In the event that the Settlement Agreement does not become effective

9   in accordance with its terms, then this Final Judgment and Order of Dismissal with

10   Prejudice shall be vacated, the Settlement Class shall be decertified (without

11   affecting Plaintiffs' right subsequently to seek certification and FIA's right to

12   oppose any such certification), and the Settlement Agreement and all orders

13   entered in connection therewith shall become null and void and of no further force

14   and effect.

15

16       **IT IS SO ORDERED.**

17

18   Dated: _August 23, 2011_____

19                                      The Honorable Andrew J. Guilford
                                        United States District Judge

20

21

22

23

24

25

26

27

28

- 8 -
FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

**EXHIBIT A**

Individuals excluded from the Settlement Class (38)

KIMBERLY BLANKENSHIP
RICHARD BONELL
ANTHONY BRUSCHI
FRANCINE CUDDEMI
JAMES DAUGHTRY
MARY ELLEN DAVIS
MAVIS DOUGHTY
MICHAEL DOWNING
DAVID FLEMING
SCOTT FOSTER
SCOTT FURGESON
DAVID GURA
LYNDI GURA
CHARLES HARRILL
VANDA HARRILL
GINGER HENSON
NATHAN HENSON
TWYLA HINTON
JANET KING
PAUL KING
WILLIAM M. LADD
LYNETTE LETHRIDGE
CECILLE LEWIS
RONALD LUCAS
MATTHEW MARXKORS
ALICE MCCARTHY
MILDRED MITCHELL
JOSEPHINE PALIOTTA
JOICEL PEDRAJA
MELANIE PENTZ
BRANDON PERRY
GINA RAFFEL
CONSUELO RODRIGUEZ
CHUCK SCHULER
KATHERYN SHEPPARD
DOROTHY STEELE
JAMES WILSON
TAUHEEDAH YASIN

FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE