1  Barry L. Kramer, Bar No. 61772
   *kramerlaw@aol.com*
2  Law Offices of Barry L. Kramer
   12428 Promontory Road
3  Los Angeles, California 90049
   Telephone: (310) 440-9761
4
5  Attorney for Plaintiffs Noel Frederick,
   Michelle Pingol and Ken Adler, and for
   Plaintiff-Appellant Mary Jane Augustine
6  (9th Circuit Case No. 07-16751)
7
8
9            **UNITED STATES DISTRICT COURT**
10   **CENTRAL DISTRICT OF CALIFORNIA -- SOUTHERN DIVISION**

11  Noel Frederick, Michelle Pingol, and    )   Case No. CV 09-03419 AG (RNBx)
    Ken Adler, on behalf of themselves and  )
12  all others similarly situated,          )   **CLASS ACTION**
                                            )
13           Plaintiffs,                    )   **CLASS COUNSEL'S NOTICE OF**
                                            )   **MOTION AND MOTION FOR**
14       vs.                                )   **ORDER REQUIRING**
                                            )   **OBJECTOR/APPELLANT**
15  FIA Card Services, N.A., and DOES 1     )   **ROBERT GAUDET TO POST**
    through 10 inclusive,                   )   **BOND PURSUANT TO F.R.A.P. 7;**
16                                          )   **MEMORANDUM OF POINTS AND**
                                            )   **AUTHORITIES; DECLARATION**
17           Defendants.                    )   **OF BARRY L. KRAMER**
                                            )
18  _____ )   Date: December 5, 2011
                                                Time: 10:00 a.m.
19                                              Ctrm: 10D
20                                              Assigned to the Honorable Andrew J.
21                                              Guilford, Courtroom 10D

22  **TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

23       **PLEASE TAKE NOTICE** that on December 5, 2011, at 10:00 a.m., in

24  Courtroom 10D of the above-referenced Court, located at 411 West Fourth Street,

25  Santa Ana, California 92701-4516, Plaintiffs' counsel in the above-captioned

26  action shall seek an order from this Court requiring Objector Robert J. Gaudet, Jr.,

27  to post an appellate bond in the amount of $20,000.  This motion is made pursuant

28  to Federal Rules of Appellate Procedure, Rule 7, and will be based on this notice,

the attached memorandum of points and authorities and declaration of Barry L.
Kramer, the reply papers in support of this application (if any), oral argument at
the hearing of this motion, and all papers on file in this action.

This motion is made following the conference of counsel pursuant to Local
Rule 7-3, which took place on October 26, 2011.

DATED: November 7, 2011                    Respectfully Submitted,

                                            Law Offices of Barry L. Kramer

                                            /S/ - Barry L. Kramer
                                            Attorneys for Plaintiffs

Motion to require FRAP 7 Bond on Appeal; Memo. of Pts. and Auth.; Decl. of Barry L. Kramer

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -iv-

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . 1

I.   PRELIMINARY STATEMENT  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   ARGUMENT  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A.    The Objector/Appellant Should Be Required to Post A Bond
    As A Condition of Prosecuting His Appeal . . . . . . . . . . . . . . . . . . . . 2

        1.  The Risk That Objector Will Not Pay Appellees' Costs . . . . . . . . 4

        2.  Attorney Gaudet is a "Professional Objector" whose meritless
             attempt to "shake down" this settlement shows his bad faith
        . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        3.  The Appellant's Financial Ability to Post a Bond  . . . . . . . . . . . 8

        4.  The merits of the appeal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    B.    The Appeal Bond Should Include $20,000 for the Costs of
    Responding to the Appeal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

III.   CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

DECLARATION OF BARRY L. KRAMER . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CERTIFICATE OF SERVICE  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Motion to require FRAP 7 Bond on Appeal; Memo. of Pts. and Auth.; Decl. of Barry L. Kramer

# TABLE OF AUTHORITIES

**Cases:**

*A&M Records v. Napster, Inc.*, 239 F.3d 1004, 1028 (9th Cir. 2001) . . . . . . . . . . 2

*Adsani v. Miller*, 139 F.3d 67, 79 (2d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . 3

*Allapattah Servs., Inc. v. Exxon Corp.*, 2006 U.S. Dist. LEXIS 88829 at *61 (S.D. Fla. Apr. 7, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 961 (9th Cir. 2007) . . . . . 4

*Chase Bank USA, N.A. v. McCoy*, 131 S. Ct. 871 (2011) . . . . . . . . . . . . . . . . 7, 10

*DeHoyos v. Allstate Corp.*, 240 F.R.D. 269, 316 (W.D. Tex. 2007) . . . . . . . . . . . 3

*Devlin v. Scardelletti*, 536 U.S. 1 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Fleury v. Richemont North America, Inc.*, 2008 U.S. Dist. LEXIS 88166 (N.D. Cal. Oct. 21, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 8, 10, 11

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998) . . . . . . . . . . . 2, 9

*In re Advanced Elecs., Inc.*, 283 F. Appx. 959, 963 (3d Cir. 2008) . . . . . . . . . . . 2

*In re Compact Disc Minimum Advertised Price Antitrust Litig.*, 2003 U.S. Dist. LEXIS 25788 (D. Me. Oct. 7, 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*In re Currency Conversion Fee Antitrust Litig.*, 2010 U.S. Dist. LEXIS 27605 (S.D.N.Y. Mar. 5, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*In re Heritage Bond Litig.*, No. MDL 02-ML-1475 DT, 2005 U.S. Dist. LEXIS 13555, 2005 WL 2401111, at *3 (C.D. Cal. Sept. 12, 2005) . . . . . . . . . . . . . . . . 3

*In re Initial Pub. Offering Sec. Litig.*, 728 F. Supp. 2d 289, 295 (S.D.N.Y. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*In re Ins. Brokerage Antitrust Litig.*, 2007 U.S. Dist. LEXIS 47659 (D.N.J. June 29, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 10

*In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000) . . . . . . . . . 9

*In re Wachovia Corp. "Pick-A-Payment" Mortg. Mktg. & Sales Practices Litig.*, 2011 U.S. Dist. LEXIS 92293 (N.D. Cal. Aug. 18, 2011) . . . . . . . . . . . . . . . . . 11

*In re Wal-Mart Wage & Hour Empl. Practices Litig.*, 2010 U.S. Dist. LEXIS 21466 (D. Nev. Mar. 8, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*In re Wells Fargo Loan Processor Overtime Pay Litig.*, 2011 U.S. Dist. LEXIS 84541 (N.D. Cal. Aug. 2, 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*McCoy v. Chase Manhattan Bank, USA*, 654 F.3d 971 (9th Cir., August 19, 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 10

*Pedraza v. United Guar. Corp.*, 313 F.3d 1323, 1333 (11th Cir. 2002) . . . . . . . . 3

iv

*Rodriguez v. West Publishing Corp.*, Case No. CV-05-3222 R(MCx) (U.S.D.C. C.D. Cal) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-5

*Shaw v. Toshiba Am. Info. Sys., Inc.*, 91 F. Supp. 2d 942 (E.D. Tex. 2000) . . . . 10

*Sullivan v. DB Investments, Inc.*, Case No. 08-2819 (Third Circuit Court of Appeals) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Venen v. Sweet*, 758 F.2d 117, 120-21 (3d Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . 2

**Statutes and Regulations:**

(N/A)

**Rules:**

Fed. R. App. P. Rule 39(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 10

Fed. R. App. P. Rule 7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 10, 11

Fed. R. Civ. P. Rule 23(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**Other Authorities:**

Fed. R. App. P. Rule 7, 1979 advisory committee notes . . . . . . . . . . . . . . . . . . . 3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  PRELIMINARY STATEMENT

On August 23, 2011, this Court granted final approval of the class action settlement in this matter pursuant to Fed. R. Civ. P. 23(e).  (See Amended Order Granting Final Approval, etc., Docket #104[1]; Final Judgment and Order of Dismissal, Docket #100; Order Awarding Attorneys Fees, etc., Docket #98.) After a full Final Approval Hearing on June 27, 2011, the Court found the settlement to be "fundamentally fair, adequate and reasonable" as is required under Federal Rule of Civil Procedure 23(e) and applicable Ninth Circuit authority.  (Docket #104 at 6:24-25.)

In so ruling, the Court rejected all objections to the Settlement asserted by Class members (Id. at 5:6), including the objections raised by Thomas Cox on behalf of Karen Chandler and Nikki Johnson, and on behalf of Robert J. Gaudet, Jr., as lacking merit.  In response to the Court's ruling, two separate appeals were filed by these professional objectors.  First, an appeal was filed by Karen Chandler and Nikki Johnson, who are represented by Attorney Thomas L. Cox.  Mr. Cox has now filed a dismissal of his clients' appeal.  Second, an appeal was filed by Robert J. Gaudet, Jr., a Washington State attorney who maintains an office under the name RJ Gaudet & Associates LLC, a law firm registered in Seattle, Washington.  Gaudet's website (www.rjgaudet.com) lists the firm as also maintaining a branch office in the Hague, and an address in London as well. According to the website, RJ Gaudet & Associates LLC provides U.S. legal advice and representation to clients in Europe and the United States, publishes articles, participates in conferences, and does pro bono work, etc. (Kramer decl., ¶ 6.)

---

[1]  This Amended Order, entered August 25, 2011, incorporated two minor factual corrections to the Court's original Order (Docket #99) that had been entered two days earlier.

Gaudet, the only remaining appellant in this action, represents himself as a Pro Se objector.  Unfortunately, Gaudet is a serial objector with a history of filing multiple appeals in class actions.

As a result of Gaudet's appeal, Appellees undoubtedly will incur significant expense in opposing the appeal, which Class Counsel estimates to be at least $20,000, that are recoverable costs under Fed. R. App. P. 39(e).  The Ninth Circuit is highly likely to reject each of the arguments raised by Gaudet.  In order to prevail on appeal, he will need to demonstrate that the Court's approval of the settlement was an "abuse of discretion." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998).  Given this Court's clear rejection of the objector's arguments, the complete failure of Gaudet to address the fact that this case was settled with a common fund with attorneys' fees based on a percentage of the fund (along with a lodestar/multiplier cross-check), the "abuse of discretion" applicable standard for settlement approval, the obvious errors and lack of credibility in his stated objections, etc., it is extremely doubtful that Gaudet will prevail on appeal.

## II.  ARGUMENT

### A.    The Objector/Appellant Should Be Required to Post A Bond As A Condition of Prosecuting His Appeal

The Federal Rules of Appellate Procedure empower district courts to "require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7.  The Court therefore retains jurisdiction "during the pendency of an appeal" to order appeal bonds.  See *In re Advanced Elecs., Inc.*, 283 F. Appx. 959, 963 (3d Cir. 2008) (quoting *Venen v. Sweet*, 758 F.2d 117, 120-21 (3d Cir. 1985)).  This is certainly appropriate here, given Gaudet's foreign residence and previous behavior as a professional objector.  The authority to impose a bond and to determine its amount lies squarely within the district court's discretion.  *A&M Records v.*

1   *Napster, Inc.*, 239 F.3d 1004, 1028 (9th Cir. 2001); <u>see also</u> Fed. R. App. P. 7,

2   1979 advisory committee notes.  Moreover, "a district court, familiar with the

3   contours of the case appealed, has the discretion to impose a bond which reflects

4   its determination of the likely outcome of the appeal." *Adsani v. Miller*, 139 F.3d

5   67, 79 (2d Cir. 1998) (citation omitted).  As shown herein, such an appellate bond

6   is particularly appropriate in light of the fact that Gaudet is clearly motivated by

7   his interest in garnering money from the settlement for himself, as shown by his

8   request for hundreds of thousands of dollars in "restitution" in *Rodriguez v. West*

9   *Publishing Corp.*, as described below.  Furthermore, his direct communications

10  with class counsel have already clarified that he is judgment proof, as well as the

11  fact that he resides in Europe, making it a near certainty that any award of costs on

12  appeal will be uncollectible.

13          The purpose of an appellate cost bond is "to protect the rights of

14  appellees…." <u>See</u> *Pedraza v. United Guar. Corp.*, 313 F.3d 1323, 1333 (11th Cir.

15  2002) (quoting *Adsani*, *supra*).  In class action cases, an appeal bond is "necessary

16  to provide some level of security to [appellees] who have no assurances that

17  Appellants have the ability to pay the costs and fees associated with opposing their

18  appeals." *In re Ins. Brokerage Antitrust Litig.*, 2007 U.S. Dist. LEXIS 47659

19  (D.N.J. June 29, 2007).  "As a general rule, requiring a bond is a common

20  procedural device to protect the parties' interests. ... An appeal bond is not

21  uncommon in these circumstances given the ... costs which may be incurred by the

22  class by an appeal." *DeHoyos v. Allstate Corp.*, 240 F.R.D. 269, 316 (W.D. Tex.

23  2007). <u>See also</u> *In re Heritage Bond Litig.*, No. MDL 02-ML-1475 DT, 2005 U.S.

24  Dist. LEXIS 13555, 2005 WL 2401111, at *3 (C.D. Cal. Sept. 12, 2005)

25  (recognizing "[f]ederal courts have required an appeal bond from appellants . . . as

26  a condition of maintaining objector appeals of class action settlements or

27  attorneys' fee awards"); *Allapattah Servs., Inc. v. Exxon Corp.*, 2006 U.S. Dist.

28  LEXIS 88829 at *61 (S.D. Fla. Apr. 7, 2006) (imposing appeal bond on class

Motion to require FRAP 7 Bond on Appeal; Memo. of Pts. and Auth.; Decl. of Barry L. Kramer

1  member appealing settlement on behalf of entire class when impact of appeal

2  would be "highly detrimental" as it would stay "both the entry of final judgment

3  on all claims . . . and payment to all Class members").

4        In the Ninth Circuit, when determining whether a bond should be posted,

5  the court considers: (1) the risk that the appellant would not pay the appellees'

6  costs if the appeal is lost; (2) whether the appellant has shown bad faith or

7  vexatious conduct; (3) the appellant's financial ability to post a bond; and (4) the

8  merits of the appeal. *Fleury v. Richemont North America, Inc.*, 2008 U.S. Dist.

9  LEXIS 88166 (N.D. Cal. Oct. 21, 2008); *Azizian v. Federated Dep't Stores, Inc.*,

10  499 F.3d 950, 961 (9th Cir. 2007).  Each of these factors is analyzed below.

11

12      **1.  The Risk That Objector Will Not Pay Appellees' Costs**

13        Objector Gaudet is located in the Hague, Netherlands.  He has already

14  claimed to lack substantial resources, clearly suggesting that any costs award will

15  not be paid.  In essence, Gaudet has already made it clear that it will be virtually

16  impossible to successfully enforce a judgment for costs on appeal.  In the almost

17  certain event his appeal is unsuccessful, he will have little or no incentive to make

18  payment and there will be no way to collect it.  This factor weighs heavily in favor

19  of a bond.  As discussed in *Fleury, supra*, at *22, "[Objector] is not a resident of

20  California, nor does she reside in a state within the Ninth Circuit, ... which

21  arguably would make it more difficult for the Settling Parties to collect their costs

22  should they prevail on the appeal."  This factor is even more compelling when, as

23  here, the objector is located overseas, has not responded to numerous telephone

24  calls from Class Counsel, has never made a physical appearance in this action, and

25  is a professional objector who is currently seeking hundreds of thousands of

26  dollars in "restitution" in *Rodriguez v. West Publishing Corp.*, Case No.

27  CV-05-3222 R(MCx) (U.S.D.C. C.D. Cal)  There are other cases where he has

28  objected and filed appeals as well.

The fact that Gaudet claims to be judgment proof is not subject to question. Specifically, in an email to Class Counsel dated September 30, 2011, in response to Class Counsel's request that Gaudet voluntarily post an appellate bond, Gaudet indicated his unwillingness to do so, stating that "I do not own any real property, automobile, or valuable personal property." (Kramer decl., ¶ 11.) Thus, Gaudet himself has already asserted, for all intents and purposes, that he is judgment proof, and further implied that any attempt to collect any judgment for appellate costs from him would be futile.

## 2. Attorney Gaudet is a "Professional Objector" whose meritless attempt to "shake down" this settlement shows his bad faith

Attorney Gaudet's conduct is indicative of bad faith. For example, having appeared as an Objector in *Rodriguez v. West Publishing*, cited above, he subsequently filed not one, but two, appeals (case nos. 09-56500 and 10-57037) in the Ninth Circuit. And although his email to Class Counsel in this case has disingenuously claimed that he is not asking for any money (Kramer decl., ¶ 9), the fact is that in *Rodriguez*, after similarly objecting in that case, he filed a motion for an "equitable award" of $244,619.97 plus $805.70 in costs[2] for himself and his associate Dr. Gopalan for their asserted role in that case, and subsequently appealed from the denial of that motion[3] (Kramer decl., ¶ 13). No doubt he plans to pursue the same parasitic course of action here and claim a substantial award for himself.

Attorney Gaudet also represents a group of 7 class action objectors in the appeal in *Sullivan v. DB Investments, Inc.* (Third Circuit Court of Appeals, Case

---

[2]   *Gaudet v. Rodriguez,* Appeal No. 10-57037, *Pro Se* Objectors-Appellants Opening Brief (9th Cir. April 14, 2011), p. 25.

[3]   Curiously enough, Gaudet characterized his claim as being for "restitution," but offered no explanation as to how he was out of pocket by almost $250,000.

Motion to require FRAP 7 Bond on Appeal; Memo. of Pts. and Auth.; Decl. of Barry L. Kramer

No. 08-2819) and boasts on his firm's website (http://www.rjgaudet.com/ ?page_id=98, accessed October 26, 2011) that his firm "has gained a reputation for being the only objector's counsel that has not been willing to settle the claims of its clients for a relatively modest and quick payment." (Kramer decl., ¶ 7.) The fact that Gaudet acknowledges that he has gained a "reputation" as an "objector's counsel" is yet another clear showing that Gaudet is, in fact, a professional objector who makes objections followed by appeals as a regular part of his practice.  Indeed, Gaudet even makes specific reference to this case on his website.

By pursuing his intended appeal, Gaudet seeks to hold hostage the substantial $10,000,000 in settlement proceeds to be distributed to the Class and to Class Counsel.  These types of professional objectors "undermine the administration of justice by disrupting settlement in the hopes of extorting a greater share of the settlement for themselves and their clients."  See In re Initial Pub. Offering Sec. Litig., 728 F. Supp. 2d 289, 295 (S.D.N.Y. 2010).  Gaudet's appeal in this case is particularly egregious and ill-conceived, in that the basis for the settlement obtained by Class Counsel was a legal theory that has now been rejected by both the U.S. Supreme Court and the Ninth Circuit.  Gaudet is apparently oblivious to the fact that any disruption of the settlement will almost certainly result in a loss of the entire $10,000,000 settlement fund, which the Defendant bank, in its appellate mediation questionnaire, has already stated will not be renegotiated in light of the rulings by the Supreme Court and the Ninth Circuit.  (Kramer decl., ¶ 14.)

Furthermore, Gaudet's delaying tactics are indicative that he is not acting in good faith.  On September 26, 2011, Class Counsel emailed Gaudet, explaining why Objector's position lacked merit, requesting that he post a bond in the amount of $20,000, and seeking to meet and confer as soon as possible with regard to the intended motion for a bond (Kramer decl., ¶ 10).  A few days later, on September 30, 2011, Gaudet sent a responsive email stating that he would not be available to

meet and confer until October 26, 2011–a whole month after Class Counsel's request. (Kramer decl., ¶ 11.)  Subsequently Class Counsel made approximately ten additional attempts to contact Attorney Gaudet by telephone and email, at both his Seattle, Washington office, and his Hague, Netherlands location, all of which went unanswered until October 24, 2011. (Kramer decl., ¶ 12.) The meet and confer eventually did take place by phone on October 26, but Gaudet's stonewalling and delaying tactics show that he is not acting in good faith.  This factor also supports the imposition of a bond.

Finally, in an email to Class Counsel dated September 22, 2011, Gaudet claimed to be acting "in the best spirit of public service on behalf of 9 million absent class members." (Kramer decl., ¶ 9.) Yet his action in appealing the settlement belies his claim, because if successful, his appeal would overturn the settlement and result in class members receiving *nothing.*  As Class Counsel previously explained to the Court (see Docket #88, Plaintiffs' Responses to Objections, at page 1), after the settlement had been agreed in this case, newly decided Supreme Court authority in the *McCoy* matter[4] had gutted the class's TILA claims.  Since that time, in August 2011, the Ninth Circuit's decision on remand in *McCoy*[5] has held that interest rate increases like those alleged herein were not a violation of the Delaware Banking Act.  This has foreclosed the class's remaining claims, which were ultimately founded upon Delaware banking law.  Thus, these two *McCoy* decisions have rendered the class's claims essentially worthless, and there is simply no way that undermining the settlement could obtain a better result for the class.  Gaudet's appeal is thus clearly shown to be an attempt to benefit himself by risking the entire benefit that Class Counsel managed to secure for the Class before these two decisions forever closed the door on their

[4]   *Chase Bank USA, N.A. v. McCoy*, 131 S. Ct. 871, 178 L. Ed. 2d 716 (2011)

[5]   *McCoy v. Chase Manhattan Bank, USA*, 654 F.3d 971 (9th Cir., August 19, 2011)

Motion to require FRAP 7 Bond on Appeal; Memo. of Pts. and Auth.; Decl. of Barry L. Kramer

1   claims.  The bad faith is palpable and strongly supports imposing a bond.

2

3   **3.  The Appellant's Financial Ability to Post a Bond.**

4   Attorney Gaudet has claimed, in his email, the inability to post a bond in the

5   amount of $20,000.  Yet according to his website (http://www.rjgaudet.com/?

6   page_id=21), his law firm, R.J. Gaudet & Associates LLC, maintains offices in the

7   Hague, Netherlands, in Seattle, Washington, and a presence in London, England as

8   well.  Furthermore, his website (*Id.,* at page_id=15) lists four other individuals

9   (Judge Koorosh H. Ameli (Ret.), Prof. Dr. Ingrid Detter de Frankopan, Prof. Dr.

10  Sandeep Gopalan and Ms. Tatjana Ribic) as associated with his law firm.

11  According to his website, Mr. Gaudet maintains an international practice with

12  multiple locations, has attended numerous high cost international institutions of

13  higher education (including Columbia University, Hebrew University of

14  Jerusalem, Oxford University, Stanford University and Stockholm University),

15  and has recently made presentations in Izhevsk, Russia, in Geneva, Switzerland,

16  and in Dublin, Ireland. (Kramer decl., ¶¶ 6,8.) Accordingly, it appears

17  disingenuous on its face for Gaudet to claim that his firm cannot afford to post a

18  bond in the amount requested.

19  Bare assertions of inability to pay are not sufficient to avoid payment of a

20  bond by an objector to a settlement who desires to appeal the settlement and

21  thereby delay relief to the class.  <u>See</u> *Fleury, supra*, at *21-22.  An appeal bond

22  should be required in this case, whether in the $20,000 amount requested, or in

23  some other amount deemed appropriate by the Court.

24

25  **4.  The merits of the appeal**

26  The fourth factor in determining whether a bond should be posted examines

27  the merits of the appeal.  <u>See</u> *Fleury*, *supra*, at *23 (finding that, where court

28  considered all objections and found them meritless, "this factor weighs in favor of

8

1   a bond").  And, as one District Court recently held,

2       "The Court further finds that the four Objectors should be required to

3       file an appeal bond sufficient to secure and ensure payment of costs

4       on appeals which in the judgment of this Court are without merit and

5       will almost certainly be rejected by the Ninth Circuit Court of

6       Appeals. While it is difficult to calculate with mathematical precision

7       the duration of Objectors' appeal, or the administrative costs and

8       interest costs to the potentially more than 3 million class members, or

9       other costs reasonably incurred under Rule 39 of the Federal Rules of

10      Appellate Procedure, the Court finds the sum of $500,000 per

11      Objector to be reasonable." *In re Wal-Mart Wage & Hour Empl.*

12      *Practices Litig.*, 2010 U.S. Dist. LEXIS 21466 at *18 (D. Nev. Mar.

13      8, 2010).

14      "The district court's final determination to approve the settlement should be

15  reversed 'only upon a showing that the district court's decision was a clear abuse

16  of discretion.'" *Hanlon*, 150 F.3d at 1027.  "Thus, [the Ninth Circuit] will affirm

17  if the district judge applies the proper legal standard and his findings of fact are

18  not clearly erroneous." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th

19  Cir. 2000).

20      As the Court will recall, each of Gaudet's objections was thoroughly

21  addressed at length by Plaintiffs and Defendant in their papers in support of final

22  approval (Docket #85 and #88), and considered by the Court at the final approval

23  hearing.  After full consideration and taking the matter under submission, this

24  Court overruled all of the objections in its detailed order.

25      The Court's rulings were well reasoned and correct.  It cannot credibly be

26  argued that this Court abused its discretion in approving the settlement as fair,

27  reasonable and adequate, or that attorneys' fees in line with the Ninth Circuit's

28  "benchmark" of 25% of the common fund (representing a lodestar multiplier of

9

2.16), constituted an unreasonable fee award.  Indeed, the individual arguments raised by Gaudet as objections to the settlement and fee award are meritless, and in the opinion of Class Counsel, frivolous.  Here, the objector-appellant will lose his appeal.  Thus, this factor also weighs in favor of a bond.

In light of the *McCoy* opinions cited above, in light of this Court's clear rejection of Gaudet's attempt to thwart this Settlement through his objection, and in light of the deferential standard governing his appeal, it is clear that he is engaged in an unabashed attempt to disrupt the settlement, and "to simply extract a fee by lodging generic, unhelpful protests."  See *Devlin v. Scardelletti*, 536 U.S. 1, 23, n.5 (2002) (Scalia, J., dissenting) (citing *Shaw v. Toshiba Am. Info. Sys., Inc.*, 91 F. Supp. 2d 942, 973-74 and n.18 (E.D. Tex. 2000)).  Accordingly, consideration of the four *Fleury* factors calls for the posting of a bond here.

**B.      The Appeal Bond Should Include $20,000 for the Costs of Responding to the Appeal**

Rule 7 does not require plaintiffs to make any "showing of costs for a bond motion." *In re Ins. Brokerage Antitrust Litig.*, *supra*, at *42.  Here, Class Counsel's conservative estimate of $20,000 in costs resulting from the appeal that are reimbursable under Fed. R. App. P. 39(e) is reasonable, and in line with a substantial body of precedential law.  Gaudet's appeal concerns objections to the settlement that raised numerous issues, spread across 80 pages of briefing in his original objections and in his reply brief.  Thus, to respond thoroughly, Class Counsel and Defendant Bank will have to address each issue individually. (Kramer decl., ¶ 15.) Courts routinely apply $25,000 as a minimum benchmark amount of costs for an appeal of class action settlement objections.  See, e.g., *In re Initial Pub. Offering Secs. Litig.*, *supra,* 728 F. Supp. 2d at 295 (assessing $25,000 on settlement objectors for cost aspects of Rule 7 bond); *In re Ins. Brokerage Antitrust Litig.*, *supra*, at *42 (imposing a "reasonable" $25,000 appeal bond for

1  objectors to class settlement based on line of precedent); *In re Compact Disc*

2  *Minimum Advertised Price Antitrust Litig.*, 2003 U.S. Dist. LEXIS 25788 (D. Me.

3  Oct. 7, 2003) ($35,000 appeal bond); *In re Currency Conversion Fee Antitrust*

4  *Litig.*, 2010 U.S. Dist. LEXIS 27605 (S.D.N.Y. Mar. 5, 2010) (ordering $50,000

5  appeal bond in case involving multiple appeals of class action settlement).

6       Recent District Court authority within the Ninth Circuit from August 2011

7  is also in accord with the requirements for an appeal bond.  <u>See</u>, for example, *In re*

8  *Wells Fargo Loan Processor Overtime Pay Litig.*, 2011 U.S. Dist. LEXIS 84541

9  (N.D. Cal. Aug. 2, 2011) (imposing $20,000 appeal bond on class action objector)

10  and *In re Wachovia Corp. "Pick-A-Payment" Mortg. Mktg. & Sales Practices*

11  *Litig.*, 2011 U.S. Dist. LEXIS 92293 (N.D. Cal. Aug. 18, 2011) (imposing $15,000

12  appeal bond on objector, a fixed-income retiree who had sought to appear *in forma*

13  *pauperis*).

14       Hence, a $20,000 bond requirement is reasonable, well within appropriate

15  Ninth Circuit precedent, and fully justified according to the factors set forth in

16  *Fleury v. Richemont, supra*.  Accordingly, the bond should be imposed by the

17  Court.

18

19      **III.  <u>CONCLUSION</u>**

20       The relevant factors weigh heavily in favor of requiring objector/appellant

21  Gaudet to post a bond in this matter. Ordering Gaudet to post a bond for $20,000

22  would serve the purpose of Rule 7: protection of Plaintiffs and the Class.

23  Plaintiffs respectfully request that such an order be entered.

24

25                       Respectfully Submitted,

26  Dated: November 7, 2011         Law Offices of Barry L. Kramer

27                       <u>/S/ - Barry L. Kramer</u>

28                       Attorney for Plaintiffs

# DECLARATION OF BARRY L. KRAMER

I, Barry L. Kramer, declare as follows:

1.  I am an attorney, qualified to practice law before all courts in the State of California.  My law firm is Law Offices of Barry L. Kramer.  I make this Declaration in support of my motion for an order requiring Objector Robert J. Gaudet, Jr., to post an appellate bond in the amount of $20,000.  The following facts are true of my own personal knowledge and if called upon to do so, I could and would testify competently hereto under oath.

2.  This motion is made following the telephone conference of counsel pursuant to Local Rule 7-3, which took place on October 26, 2011, during which I discussed this motion with Mr. Gaudet, who indicated that he opposes it.

3.  On August 23, 2011, this Court granted final approval of the class action settlement in this matter pursuant to Fed. R. Civ. P. 23(e).  On August 25, 2011, the Court entered its Amended Order Granting Final Approval of Class Settlement and Granting Application for Attorney Fees and Costs and Incentive Awards (Docket #104) which incorporated two minor factual corrections to the Court's original Order (Docket #99).

4.  On September 14, 2011, Objector Robert J. Gaudet, Jr., listing his address as in the Hague, Netherlands, filed a *pro se* Notice of Appeal (Docket #105) in this matter, which was subsequently docketed as Ninth Circuit Case No. 11-56609.

5.  On September 22, 2011, Objectors Karen Chandler and Nikki Johnson filed a Notice of Appeal (Docket #109) in this matter, which was subsequently docketed as Ninth Circuit Case No. 11-56668.  Attorney Thomas L. Cox subsequently filed a notice of appearance on their behalf in the appeal and has now filed a motion to dismiss his clients' appeal.

6.  According to Mr. Gaudet's firm's website (http://www.rjgaudet.com/?page_id=21, accessed 10/26/11), he is a Washington State attorney whose law

1   firm, RJ Gaudet & Associates LLC, is registered in Seattle, Washington.  The firm

2   maintains offices in the Hague, Netherlands, in Seattle, Washington, and a

3   presence in London, England as well.  Furthermore, its website (*id.,* at

4   page_id=15) lists four other individuals (Judge Koorosh H. Ameli (Ret.), Prof. Dr.

5   Ingrid Detter de Frankopan, Prof. Dr. Sandeep Gopalan and Ms. Tatjana Ribic)

6   associated with the firm, which provides U.S. legal advice and representation to

7   clients in Europe and the United States, publishes articles, participates in

8   conferences, and does pro bono work, etc.  (See, for example, *id.*, at page_id=66).

9   The website also includes a specific reference to this case.

10        7.  The website (*id.*, at page_id=98) also confirms that the firm represents a

11   group of 7 class action objectors in the *Sullivan* matter, stating that "the firm has

12   gained a reputation for being the only objector's counsel that has not been willing

13   to settle the claims of its clients for a relatively modest and quick payment."

14        8.  The website (*id.*, at page_id=343) also states that Mr. Gaudet was

15   educated at Columbia University, Hebrew University of Jerusalem, Oxford

16   University, Stanford University and Stockholm University, and indicates that he

17   has recently made presentations in Izhevsk, Russia, in Geneva, Switzerland, and in

18   Dublin, Ireland (*id.* at 349 and 15).

19        9.  On September 21, 2011, I sent Mr. Gaudet an email explaining why his

20   appeal lacked merit and requesting that he dismiss it voluntarily.  On September

21   22, 2011, in a responsive email, Mr. Gaudet stated "It is unclear whether I will

22   ever receive any payment for this work. It is done in the best spirit of public

23   service on behalf of 9 million absent class members as well as the protection of

24   future class members in future class actions. I have not asked you for any

25   payment."

26        10.  On September 26, 2011, I sent Mr. Gaudet an email in which I

27   explained why his position lacked merit, stating, "I would request that you

28   voluntarily agree to post a $20,000 bond to cover the costs on appeal.  Otherwise,

Motion to require FRAP 7 Bond on Appeal; Memo. of Pts. and Auth.; Decl. of Barry L. Kramer

1   I shall file a motion requesting the same ... I would suggest we meet and confer by
2   phone on Monday afternoon, Los Angeles time, at any time between 4:00 PM and
3   11:00 PM, or on Tuesday at any time between 10:00 AM and 11:00 PM. ... I
4   would like to have this meet and confer held quickly, since I want to get a motion
5   on file immediately if we can't resolve our issues. . . ."

6       11.  On September 30, 2011, Mr Gaudet responded by email, stating, in
7   pertinent part, "I do not own any real property, automobile, or valuable personal
8   property," and that he would not be available to meet and confer until October 26,
9   2011.

10      12.  On September 30, 2011, in an attempt to further meet and confer
11  regarding this motion, I sent Mr. Gaudet another email, a copy of which is
12  attached hereto as Exhibit 1.  I subsequently made approximately ten additional
13  attempts to contact Attorney Gaudet by telephone and email, at both his Seattle,
14  Washington office, and his Hague, Netherlands location, all of which went
15  unanswered until October 24, 2011.  The meet and confer eventually did take
16  place by phone on October 26.

17      13.  A PACER search indicates that Attorney Gaudet is counsel for the
18  appellants in *Sullivan v. DB Investments, Inc.* (Third Circuit Court of Appeals
19  Case No. 08-2819); that he also appeared as an Objector in *Rodriguez v. West*
20  *Publishing*, Case No. CV-05-3222 R(MCx) (U.S.D.C. C.D. Cal); and that he
21  subsequently filed two appeals in the Ninth Circuit in connection with this matter,
22  Case Nos. 09-56500 and 10-57037.  His opening brief in case no. 10-57037 (9th
23  Cir. April 14, 2011 at  p. 25) indicates that he had sought "restitution in the form
24  of an 'equitable award' of $244,619.97 and $805.70 in costs" for himself and his
25  associate Dr. Gopalan in the *Rodriguez* court.

26      14.  In its Appellate Mediation Questionnaire in Case No. 11-56668,
27  (Docket no. 7-1, filed October 20, 2011) Defendant FIA stated that, in light of the
28  decisions by the Supreme Court and the Ninth Circuit in *McCoy*, "If the judgment

1  in this case were reversed, FIA likely would not negotiate any settlement but

2  would seek the dismissal of all claims ... [and] affirmance of the judgment in

3  Augustine."

4      15.  Mr. Gaudet's objections to the settlement raised numerous issues,

5  spread across 80 pages of briefing in his original objections and in his reply brief.

6  To respond thoroughly, Class Counsel and Defendants' Counsel would have to

7  address each issue individually, necessitating many pages of briefing supported by

8  appropriate citations to the record.  Based on Mr. Gaudet's track record on appeal

9  in the *Sullivan* and *Rodriguez* matters, I also anticipate additional rounds of

10  briefing and motion practice.  Thus, if this appeal is fully briefed by all sides, I

11  estimate that Appellees will incur at least $20,000 in recoverable costs, including

12  the costs of preparing copies of briefs and excerpts of record in this case and in the

13  *Augustine* matter, sending papers to the Netherlands, etc., etc.

14

15      I declare under penalty of perjury under the laws of the United States of

16  America that the foregoing is true and correct.

17

18  Dated: November 7, 2011                    /S/ - Barry L. Kramer

19

20

21

22

23

24

25

26

27

28

Motion to require FRAP 7 Bond on Appeal; Memo. of Pts. and Auth.; Decl. of Barry L. Kramer

1
2

# CERTIFICATE OF SERVICE

3        I hereby certify that on November 7, 2011, I electronically filed the

4 foregoing with the Clerk of the Court for the United States District Court by using

5 the CM/ECF system.  Participants in the case who are registered CM/ECF users

6 will be served by the CM/ECF system.

7        I further certify that some of the participants in the case are not registered

8 CM/ECF users.  On November 4, 2011, I dispatched the foregoing document by

9 Federal Express and by electronic mail for delivery to the following non-CM/ECF

10 participant:

11

12 Robert J. Gaudet, Jr
Valkenboslaan 107

13 2563 CH The Hague,
Netherlands

14 robert_gaudet@yahoo.com

15        I declare under penalty of perjury that the foregoing is true and correct.

16

17        Dated: November 7, 2011                    /S/ - Barry L. Kramer

18
19
20
21
22
23
24
25
26
27
28

Motion to require FRAP 7 Bond on Appeal; Memo. of Pts. and Auth.; Decl. of Barry L. Kramer