Barry L. Kramer, Bar No. 61772
*kramerlaw@aol.com*
Law Offices of Barry L. Kramer
12428 Promontory Road
Los Angeles, California 90049
Telephone: (310) 440-9761

Attorney for Plaintiffs Noel Frederick,
Michelle Pingol and Ken Adler, and for
Plaintiff-Appellant Mary Jane Augustine
(9th Circuit Case No. 07-16751)

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA -- SOUTHERN DIVISION

| | |
|---|---|
| Noel Frederick, Michelle Pingol, and Ken Adler, on behalf of themselves and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>FIA Card Services, N.A., and DOES 1 through 10 inclusive,<br><br>　　　　Defendants. | Case No. CV 09-03419 AG (RNBx)<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' OPPOSITION TO OBJECTOR/APPELLANT ROBERT GAUDET'S MOTION FOR RECONSIDERATION**<br><br>Date: May 21, 2012<br>Time: 10:00 a.m.<br>Ctrm: 10D<br><br>Assigned to the Honorable Andrew J. Guilford, Courtroom 10D |

# MEMORANDUM OF POINTS AND AUTHORITIES

# INTRODUCTION

Attorney Robert Gaudet has moved this Court for reconsideration of its April 12, 2012 Minute Order (Docket #122) rejecting his untimely attempt to post bond on appeal. This motion is totally without merit, as shown below.

**1.      Mr. Gaudet's "motion pending" argument is unavailing**

Mr. Gaudet has argued that his delay in making payment was warranted by the pendency of his *in forma pauperis* motion in the Court of Appeals. However, this argument is unavailing, as the following facts show:

1. On December 5, 2011, this Court issued an order (Docket #116) requiring Mr. Gaudet to post a bond of $1,000, and conditioning his right to appeal on his posting a $1,000 bond within 30 days thereafter. (Docket #116, pg. 6.)

2. On December 8, 2011, Mr. Gaudet moved this Court for leave to appeal *in forma pauperis* (Docket #118). Five days later, on December 13, 2011, the Court denied his motion, ruling that "Objector will have an ongoing, non-waivable responsibility to post a $1,000 bond to cover Plaintiff's costs if he wishes to continue with his appeal." (Docket #119 at pg. 2.)

3. On December 27, 2011, Mr. Gaudet moved the Ninth Circuit Court of Appeals for the same relief (App. Ct. Docket #5). The Court of Appeals denied his motion by Order filed March 13, 2012 (App. Ct. Docket #9), holding in pertinent part that "a review of appellant's motion to proceed in forma pauperis reflects that appellant is not indigent."

At page 3, line 14 of his reconsideration motion, Mr. Gaudet now argues that his duty to post the bond was stayed during the pendency of his appellate *in forma pauperis* motion. However, this argument is unavailing. Even if the running of Mr. Gaudet's 30-day period to post bond was stayed during the

Plaintiffs' Opposition to Objector/Appellant Robert Gaudet's Motion for Reconsideration

1  pendency of <u>both of</u> his *in forma pauperis* motions, his deadline would only have
2  been extended to March 26, 2012, as shown by the following calculation:
3      December 5, 2011 to December 8, 2011:    3 days
4      December 13, 2011 to December 27, 2011:  14 days
5      March 13, 2012 to March 26, 2012:    <u>13 days</u>
6      Total:    30 days
7  Yet Mr. Gaudet waited until April 5, 2012 before even contacting the Court
8  to inquire about making payment, and (according to para. 6 of his Declaration) his
9  payment was not actually transferred until April 12, 2012 – *seventeen days* after
10 the expiration of the deadline, even if it were extended as described above.
11
12 **2.    <u>Mr. Gaudet is not being candid with the Court</u>**
13 Mr. Gaudet also claims that (despite this Court's and the Appeals Court's
14 holdings to the contrary) he was financially unable to make payment any sooner
15 than he did.  Yet his declaration is tellingly silent about precisely *when* in March
16 he received his first salary payment from the job that he started on February 13,
17 2012.  And the transaction printout attached to his declaration as Exhibit B shows
18 that his bank balance was over 5,000 Euros (over $6,000) before the end of March.
19 It would appear that Mr. Gaudet is not being fully candid with this Court.
20 This lack of candor is compounded by a comparison of the signatures on
21 Mr. Gaudet's recent motion and declaration, with his signature on the bank
22 transfer form attached to his declaration as Exhibit A, and with his signatures on
23 other documents that he has previously filed with this Court, as shown by the table
24 on the next page.  It would appear that <u>at least</u> four, if not five, different hands
25 have been involved in signing Mr. Gaudet's filings with this Court, despite the
26 requirement of Local Rule 11-1.
27 / / /
28 / / /

**SIGNATURES ON MOTION FOR RECONSIDERATION** (Document 123):

Notice of Motion (pg. 2):	Memorandum of Law (pg. 8):

*[signature: Robert Gaudet]*	*[signature: Robert Gaudet]*

Declaration (pg. 11):	Bank Transfer Form (pg. 13):

*[signature: Robert Gaudet]*	*[signature]*

**SIGNATURES CONTAINED IN PRIOR FILINGS WITH THIS COURT:**

Document 81-1, page 20:	Document 97-1, page 23:

*[signature: Rob Gaudet]*	*[signature: Rob Gaudet]*

Document 105, page 2:

*[signature: Robert J. Gaudet, Jr.]*
Robert J. Gaudet, Jr.

Document 114-1, page 13:	Document 115, page 11:

*[signature: Robert Gaudet]*	*[signature: Robert Gaudet]*

Document 118, page 2:	Document 120, page 2:

*[signature]*	*[signature]*
Signature of Party

3
Plaintiffs' Opposition to Objector/Appellant Robert Gaudet's Motion for Reconsideration

1  **3.  <u>Mr. Gaudet has waived his right to appeal</u>**

2  Finally, Mr. Gaudet argues that Plaintiffs will not be prejudiced if his
3  motion is granted, whereas his right to appeal will be prejudiced if it is denied.
4  This argument is precisely backwards. By failing to comply with the conditions of
5  this Court's December 5, 2011 order to post bond, Mr. Gaudet has *waived* his right
6  to appeal; and by delaying the distribution of the settlement, Mr. Gaudet has
7  prejudiced the interests of Plaintiffs and the Class. Enough is enough. A motion
8  to dismiss Mr. Gaudet's appeal is now pending in the Ninth Circuit, and this Court
9  should not tolerate any more delaying tactics on Mr. Gaudet's part. Indeed, based
10 upon these frivolous, bad-faith tactics and the wilful, repeated violations of the
11 signature requirements of Local Rule 11-1, the Court may wish to consider the
12 imposition of sanctions under Local Rule 83-7.

14  Respectfully Submitted,

16  Dated: April 25, 2012      Law Offices of Barry L. Kramer

17  <u>/S/ - Barry L. Kramer</u>
    Attorney for Plaintiffs

# CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2012, I electronically filed the foregoing with the Clerk of the Court for the United States District Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 25, 2012  /S/ - Barry L. Kramer

5

Plaintiffs' Opposition to Objector/Appellant Robert Gaudet's Motion for Reconsideration